469 A.2d 865

George Melvin BROWN

v.

STATE of Maryland.

No. 392, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Jan. 11, 1984.

Alan Hilliard Legum, Annapolis, with whom were Stephen H. Schwartz, Annapolis, on the brief, for appellant.

Bernard A. Penner, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen. of Maryland, Warren B. Duckett, Jr., State's Atty., for Anne Arundel County and William D. Roessler, Asst. State's Atty., for Anne Arundel County on the brief, for appellee.

Argued before WILNER, WEANT and BLOOM, JJ.

WILNER, Judge.

Appellant was convicted in the Circuit Court for Anne Arundel County of possession of marijuana, for which he was sentenced to one year in prison and fined $1,000. His only complaint in this appeal is that the marijuana seized, pursuant to a search warrant, at the time of his arrest should have been suppressed because the search warrant was not supported by probable cause.

■ Appellant's attack on the warrant is grounded entirely on the principles laid down by the Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), as construed and applied in subsequent cases by this and other courts. His complaint is that the warrant was based upon uncorroborated hearsay information obtained from a confidential informant whose veracity and reliability were not demonstrated in the application for the warrant.

Recognizing that, by virtue of *Illinois v. Gates,* —— U.S.
——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the criteria of
*Aguilar* and *Spinelli* are no longer controlling for purposes
of the Fourth Amendment, as applied to the States by virtue
of the Fourteenth Amendment, appellant nonetheless argues
that those criteria should continue to control through art. 26
of the Maryland Declaration of Rights. We reject his invi-
tation to drive an unnecessary cleavage between the two
parallel constitutional provisions.

The Court of Appeals has concluded on a number of
occasions, including some recent ones, that art. 26 of the
Declaration of Rights is *in pari materia* with the Fourth
Amendment, that both grew out of the same historical
background, and that the "decisions of the Supreme Court
on the kindred 4th Amendment are entitled to great re-
spect" when construing art. 26. *Givner v. State,* 210 Md.
484, 498, 124 A.2d 764 (1956); *Gahan v. State,* 290 Md. 310,
430 A.2d 49 (1981), and cases cited therein.

Although scholars and commentators may debate the mat-
ter, as is their wont, privilege, and function to do, it would
seem from the majority Opinion in *Gates* that the Supreme
Court abandoned the rather rigid "two prong test" of *Agui-
lar* and *Spinelli* not only because it believed that that test
was inappropriate but also because it felt that the test had
not served its intended purpose. The various "prongs" and
"spurs" attendant to the test produced a "labyrinthine body
of judicial refinement" that bore no relationship to "familiar
definitions of probable cause." 103 S.Ct. 2333. It has
encouraged "an excessively technical dissection of infor-
mants' tips, with undue attention being focused on isolated
issues that cannot sensibly be divorced from the other facts
presented to the magistrate." *Id.* 103 S.Ct. at 2330. More-
over, "the direction taken by decisions following Spinelli
poorly serves 'the most basic function of any government':
'to provide for the security of the individual and of his
property.' . . . The strictures that inevitably accompany the

'two-pronged test' cannot avoid seriously impeding the task of law enforcement...." *Id.* 103 S.Ct. at 2331.

In place of the discarded test, the Supreme Court resurrected and reaffirmed "the totality of the circumstances analysis that traditionally has informed probable cause determinations." *Id.* 103 S.Ct. at 2332. Thus,

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*Id.* The task of the reviewing court, then, is "simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Id.*

Our own experience under *Aguilar* and *Spinelli* confirms the concerns expressed by Justice Rehnquist for the majority in *Gates.* Until *Gates,* we were bound by that test, like it or not. To choose it willingly, especially when the effect of doing so would be to make inconsistent the counterpart constitutional provisions long regarded as parallel, would serve no useful purpose. In conformance with *Gates,* we shall construe art. 26 as invoking the "totality of the circumstances" standard; and, with this case and henceforth, shall judge search warrants accordingly. *Cf. Gipe v. State,* 55 Md.App. 604, 466 A.2d 40 (1983) *cert. denied,* 298 Md. 243, 469 A.2d 452 (1983).

■ Reviewing the warrant in this case under that standard, we find that the "issuing magistrate"—in this instance a circuit court judge—had a substantial basis for concluding that probable cause existed.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.